## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.:

Mallery Loftus,

                    Plaintiff,

-vs-

American Express Company;
Bank of America Corporation
d/b/a Bank of America N.A.;
Capital One Financial Corporation
d/b/a Capital One N.A.;
Chase Bank USA, N.A.;
DFS Services LLC
d/b/a Discover Financial Services;

                    Defendant.

**COMPLAINT WITH**

**JURY TRIAL DEMAND**

## INTRODUCTION

1.    This action arises out of Defendants' violations of the Fair Credit Reporting Act,

      15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").   Despite Plaintiff properly

      disputing tradelines on her credit report that did not belong to her, Defendants

      verified the inaccurate information to the consumer reporting agencies (hereinafter

      "CRA") and failed to conduct a reasonable investigation with respect to the

      information disputed.   Plaintiff seeks actual damages, statutory and punitive

      damages, costs and attorney fees.

## JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1681 *et seq.* and 28 U.S.C §

      1331.

## PARTIES

3.    Plaintiff Mallery Loftus is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4.    Defendant American Express Company (hereinafter "AMEX") is a New York corporation and its registered agent operates from an address of 100 South 5th Street #1075, Minneapolis, MN 55402.   AMEX is a furnisher to the consumer credit reporting agencies as defined by 15 U.S.C. § 1681s-2(b).

5.    Defendant Bank of America N.A. (hereinafter "BOA") is a Delaware corporation and its registered agent operates from an address of 401 N. Tryon Street, Charlotte, North Carolina, 28255.  Defendant BOA has a registered agent at 2394 E. Camelback Rd., Phoenix, AZ 85016.  BOA is a furnisher to the consumer credit reporting agencies as defined by 15 U.S.C. § 1681s-2(b).

6.    Defendant Capital One Financial Corporation d/b/a Capital One N.A. (hereinafter "Capital One") is a foreign corporation and Capital One N.A. is a subsidiary of the Virginia based Capital One Financial Corporation.  Capital One N.A. has an office at 1680 Capital One Drive, McLean, Virginia 22102.  Capital One's registered agent is located at 11 S. 12th Street, P.O. Box 1463, Richmond, V.A.  Capital One is a furnisher to consumer credit reporting agency as defined by 15 U.S.C. §1681s-2(b).

7.    Defendant Chase Bank U.S.A. N.A. (hereinafter "Chase") is a foreign corporation incorporated under the laws of Delaware.  Defendants registered agent is located

at 1209 Orange Street, Wilmington, Delaware, 19801.   Defendant Chase is a furnisher of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

8.    Defendant DFS Services LLC d/b/a Discover Financial Services (hereinafter "Discover") is a foreign corporation headquartered at 2500 Lake Cook Road, 1 East, Riverwoods, Illinois.   Discover has a registered agent at 208 So LaSalle St., Suite 814, Chicago, Illinois 60604.   Discover is a furnisher to the consumer credit reporting agencies as defined by 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

### A.    Background Facts

9.    Plaintiff was the victim of an elaborate fraud in which her identity, personal information, personal identifiers, and forged signature were used by her now ex-husband, Richard Allen Loftus, to open and operate multiple credit accounts.

10.    Plaintiff learned of the fraud in June of 2008 and a Police Report was created on June 23, 2008.   The police report described the crime as theft by swindle and noted that Richard Allen Loftus' whereabouts were unknown.  *See* attached hereto Exhibit A.

11.    After completing its investigation, the Minneapolis Police Department submitted the matter to the Office of the Hennepin County Attorney for charges against Richard Allen Loftus in connection with the theft by swindle and identity theft involving the Plaintiff.  *See* attached hereto Exhibit B.

## B.  Plaintiff Disputes with the Credit Reporting Agencies

12.     Shortly after learning of her ex-husbands illegal activities, and upon the advice of the Minneapolis Police Department, Plaintiff obtained a copy of her consumer credit report.

13.     Plaintiff learned that multiple credit accounts, civil judgments, and debt collection accounts were incorrectly reporting as her responsibility.

14.     On May 7, 2009 Plaintiff sent a letter to the credit reporting agencies (hereinafter "CRA's") disputing 16 tradelines including the following:

- AMEX 3499************
- Bank of America 4888********
- Cap One 4305********
- Chase 42266********
- Chase 5491********
- Chase 42668*******
- Chase 4417********
- Discover Fin Svcs LLC 6011********

15.     Plaintiff's dispute letter advised the furnishers that the tradelines were not hers and were the result of fraud.  Plaintiff included with her dispute letter an Identity Theft Affidavit, detailing that the accounts were fraudulently opened by her now ex-husband.  Further, Plaintiff included a copy of the June 23, 2008 Police Report and the March 9, 2009 letter from the Office of the Hennepin County Attorney, which

explains Plaintiff was the victim of theft by swindle and identity theft.  *See* attached hereto Exhibits A and B.

16. In response to the Plaintiff's dispute letter, sent the credit reporting agencies pursuant to 15 U.S.C. §1681i, each of the credit reporting agencies provided notification to the Defendant data furnishers advising each of the Defendants of Plaintiff's dispute.

17. Defendants then each responded to the respective credit reporting agencies that then send the Plaintiff "Investigation Results."

18. Experian produced Investigation Results dated June 11, 2009.  Trans Union produced Investigation Results dated June 15, 2009. Equifax produced Investigation Results dated June 22, 2009 and July 21, 2009.

19. In response to the CRA's notice of dispute Defendant AMEX reported as follows with regard to AMEX 3499************:

   - Experian          Verified.  Tradeline not annotated as in dispute.

   - Trans Union        Verified.  Tradeline not annotated as in dispute.

   - Equifax           Verified.  Dispute noted.

20. Defendant AMEX failed to conduct a reasonable investigation of Plaintiff's dispute in violation of 15 U.S.C. §1681s-2(b).  Further, AMEX failed to update the tradeline to reflect its status as "disputed" in violation of 15 U.S.C. §1681s-2(b). *See Saunders v. B.B.T.*, 526 F.3d 142 (4th Cir. 2008); *see also Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008 (9th Cir. Jan. 12, 2009).

21.    In response to the CRA's notice of dispute Defendant Bank of America reported as follows with regard to BOA 4888********:

- Experian               Verified.
- Trans Union          Deleted.
- Equifax                Deleted.

22.    Defendant Bank of America failed to conduct a reasonable investigation of Plaintiff's dispute in violation of 15 U.S.C. §1681s-2(b).

23.    In response to the CRA's notice of dispute Defendant Capital One reported as follows with regard to Capital One 4305********:

- Experian               Verified.  Tradeline not annotated as in dispute.
- Trans Union          Verified.  Tradeline not annotated as in dispute.
- Equifax                Verified.  Dispute noted.

24.    Defendant Capital One failed to conduct a reasonable investigation of Plaintiff's dispute in violation of 15 U.S.C. §1681s-2(b).  Further, Capital One failed to update the tradeline to reflect its status as "disputed" in violation of 15 U.S.C. §1681s-2(b).

25.    In response to the CRA's notice of dispute Defendant Chase reported as follows with regard to Chase 42266********:

- Experian               Verified.  Noted previously in dispute, now resolved.
- Trans Union          Verified.  Noted previously in dispute, now resolved.
- Equifax                Deleted.

26.   In response to the CRA's notice of dispute Defendant Chase reported as follows with regard to Chase 5491********:

- Experian            Verified.  Noted previously in dispute, now resolved.

- Trans Union        Verified.  Noted previously in dispute, now resolved.

- Equifax            Deleted.

27.   In response to the CRA's notice of dispute Defendant Chase reported as follows with regard to Chase 4417********:

- Experian            Verified.  Noted previously in dispute, now resolved.

- Trans Union        Verified.  Noted previously in dispute, now resolved.

- Equifax            Deleted.

28.   Defendant Chase failed to conduct reasonable investigations of Plaintiff's disputes in violation of 15 U.S.C. §1681s-2(b). Chase accurately described the accounts as "previously in dispute" but "now resolved" on Plaintiff's Experian and Trans Union credit reports.  Chase failed to update the tradeline to reflect its status as "disputed" in violation of 15 U.S.C. §1681s-2(b).

29.   In response to the CRA's notice of dispute Defendant Discover reported as follows with regard to Discover Fin Svcs LLC 6011********:

- Experian            Verified.  Tradeline not annotated as in dispute.

- Trans Union        Verified.  Tradeline not annotated as in dispute.

- Equifax            Verified.  Dispute noted.

30.     Defendant Discover failed to conduct a reasonable investigation of Plaintiff's dispute in violation of 15 U.S.C. §1681s-2(b).  Further, Discover failed to update the tradeline to reflect its status as "disputed" in violation of 15 U.S.C. §1681s-2(b).

31.     As a result of these inaccurate tradelines appearing on her credit report Plaintiff has been unable to get financing for a mortgage.

32.     As a result of Defendants' violations Plaintiff suffered actual damages in the form of credit harm, embarrassment, frustration, loss of opportunity, and emotional distress.  Plaintiff is entitled to actual, statutory and punitive damages in addition to attorney fees and costs.

### **TRIAL BY JURY**

33.     Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

### **CAUSES OF ACTION**

### **COUNT I**

### **VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 *et seq*.**

### **ALL DEFENDANTS**

34.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35.     Defendants prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false consumer information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

36.    Defendants willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, and failing to review all relevant information available to Defendants, and failing to update the tradelines as disputed.

37.    Defendants' conduct, action and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

38.    Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual damages in an amount greater than $5,000;

- statutory and punitive damages in an amount greater than $10,000 for violating the Fair Credit Reporting Act;

- costs and reasonable attorney fees pursuant 15 U.S.C. §1681 *et seq*.;

- actual damages for the emotional distress suffered as a result of the FCRA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Dated: 7/31/2009           By: <u>s/ Thomas J. Lyons, Jr., Esq.</u>

                                        **CONSUMER JUSTICE CENTER, P.A.**
                                        Thomas J. Lyons, Jr., Esq. (# 249646)
                                        367 Commerce Court
                                        Vadnais Heights, MN 55127
                                        Telephone:  (651) 770-9707
                                        Facsimile:  (651) 704-0907
                                        tommycjc@aol.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

I, Mallery Loftus, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                              s/ Mallery Loftus
                              Mallery Loftus

Subscribed and sworn to before me


this 13th day of July 2009.


s/ Amy S. Nelson
Notary Public